UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

GREUNER MEDICAL, PC,                              :

                                              :

        Plaintiff,                              :       Case No. 20-4898

                                              :

v.                                                :

                                              :      **NOTICE OF REMOVAL**

CIGNA LIFE INSURANCE COMPANY                      :
OF NEW YORK,                                      :

                                              :

        Defendant.                              :

-------------------------------------------------------------x

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK:

        PLEASE TAKE NOTICE that Defendant, CIGNA HEALTH & LIFE INSURANCE

COMPANY ("Cigna Health"), incorrectly sued here as CIGNA LIFE INSURANCE COMPANY

OF NEW YORK ("CLINCY"), removes the above-entitled action filed by Plaintiff, GREUNER

MEDICAL, PC ("Plaintiff"), presently of record at Index No. 602812/2020 in the Supreme Court

of the State of New York, County of Nassau, to this Court pursuant to 28 U.S.C. § 1441.  In support

of removal, Cigna Health states as follows:

### INTRODUCTION AND PROCEDURAL REQUIREMENTS

        1.        Plaintiff alleges that Michele Forbes (the "Beneficiary") is a beneficiary of an em-

ployee welfare benefit plan (the "Plan") "issued by" CLINCY.  Compl. ¶ 6.  The Plan in which

Ms. Forbes was a beneficiary was established and/or maintained by ITV US Holdings, Inc., and

administered by Cigna Health, not CLICNY.  Therefore, Cigna Health is the proper party.

        2.        28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which

the district courts of the United States have original jurisdiction, may be removed by the defendant

1

or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3.        On or about February 24, 2020 Plaintiff filed a complaint in the Supreme Court of the State of New York, County of Nassau, styled *Greuner Medical, PC v. Cigna Life Insurance Company of New York*, Index No. 602812/2020.

4.        Cigna Health received a statement from the New York Department of Financial Services ("DFS"), dated September 14, 2020, acknowledging that the summons and complaint in this action had been served on DFS on August 31, 2020.  True and correct copies of the DFS Notice, Summons and Complaint are attached as **Exhibit A**.

5.        Neither Cigna Health nor CLICNY has a record of receiving a copy of the summons and complaint, by service or otherwise, prior to its receipt of Exhibit A after September 16, 2020.

6.        This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because the operative date for removal purposes is the date that Cigna Health received the summons and complaint from DFS:

> When service of process is made upon a statutory agent rather than on the defendant personally, the thirty-day period during which the defendant may remove the case does not begin with service upon the agent, but rather, when the defendant receives personal service of the summons and complaint. The rationale behind this rule is that, the defendant's right to a federal forum ought not to depend upon the rapidity and accuracy with which statutory agents inform their principals of the commencement of litigation against them.

*Boone v. Thane*, No. 07-CV-4358 SLT VVP, 2009 WL 910556, at *2 (E.D.N.Y. Mar. 31, 2009) (citations and internal quotation marks omitted); *see also Polito v. Hanover Ins. Grp., Inc.*, No. 18-CV-6332 CJS, 2018 WL 3598873, at *4 (W.D.N.Y. July 27, 2018) ("[W]here service is made upon a defendant's statutory agent, such as the New York Secretary of State, the clock for removal does not begin to run until the defendant actually receives the summons and complaint from the agent."); *McCulloch Orthopedic Surgical Servs., PLLC v. United Healthcare Ins. Co. of New York*,

No. 14-CV-6989 JPO, 2015 WL 3604249, at *3 (S.D.N.Y. June 8, 2015) ("[T]he weight of authority (both within the circuit and elsewhere) holds that actual receipt by the defendant (or the defendant's actual agent) starts the clock for removal. And that makes sense, because statutory agents are not true agents but merely are a medium for transmitting the relevant papers." (quotation marks and citations omitted)).

7.      In addition, Cigna Health had no ability to discover that it was the proper defendant, or (as discussed below) that ERISA preempted plaintiff's claims until after it had received the complaint. A party may remove a case within 30 days of learning of grounds for removal. *See, e.g., In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, No. 1:00-1898, 2006 WL 1004725, at *3 (S.D.N.Y. Apr. 17, 2006) ("[W]hen a case is removable, but the grounds in the initial complaint are 'obscured, omitted, or misstated,' a defendant 'has thirty days from the revelation of grounds for removal to file a notice of removal.'"); *Trustees of Masonic Hall & Asylum Fund v. Pricewaterhousecoopers LLP*, No. 08 CIV. 10494 (GEL), 2009 WL 290543, at *7 (S.D.N.Y. Feb. 6, 2009) ("Where the complaint does not disclose those grounds [for removal], however, the defendant cannot be faulted for failing to remove immediately, although the case must still be removed promptly—within thirty days—once the basis for removal is learned.") (emphasis added).

8.      Cigna Health has not filed an answer or otherwise responded to the Complaint, and no further proceedings have been had in the Supreme Court of the State of New York, County of Nassau.

## FEDERAL QUESTION JURISDICTION

9.      28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a), in that it seeks to recover benefits and clarify rights under an employee welfare benefit plan, and therefore arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*  This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending." See 28 U.S.C. 1441(a). This action has been on file for less than one year pursuant to 28 U.S.C. § 1446(c).

11.     "ERISA grants federal district courts concurrent jurisdiction over all claims by an employee welfare benefit plan beneficiary who seeks to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Schonholz v. Long Island Jewish Med. Ctr.*, 87 F.3d 72, 75 (2d Cir. 1996) (internal quotations omitted).

12.     Plaintiff alleges that it is an "out-of-network" provider.  *Id.*, ¶ 7.  It alleges it provided medical treatment to the Beneficiary in January 2019.  *Id.*, ¶ 13.  It alleges it is owed $106,755 for those services.  *Id.*, ¶ 18.

13.     Because the Plan at issue was established and/or maintained by a private employer, ITV US Holdings, Inc., ERISA governs the Plan.

14.     The Complaint expressly incorporates the terms and conditions of the Plan.  For example it alleges that: "Prior to rendering any service, the Plaintiff confirmed with the Defendant employees that it had indeed issued the Plan.  The Defendant employees confirmed that the Patient was covered under the terms of the Plan, that the Patient was eligible under the plan for out-of-network medical benefits; that the services . . . were covered under the Plan, and the Plan provided for payment to an 'out-of-network' medical provider."  Compl. ¶ 10.  Plaintiff's allegation that it

is entitled to payment is intertwined with the Plan terms.  Plaintiff's complaint is also based upon its submission of a HFCA Claim Form, Compl. ¶¶ 15-16,  meaning that the basis for the Complaint is a written demand to be paid according to the Plan terms.

15.     Therefore, although Plaintiff asserts various state law claims, including for equitable estoppel, breach of implied contract, and promissory estoppel, those claims arise exclusively under ERISA, and are therefore preempted by ERISA. *See*, *e.g.*, *Johnson v. First Unum Life Ins. Co.*, 914 F. Supp. 51, n.1 (S.D.N.Y. 1996) ("ERISA preempts state claims involving improper handling of claims for employee benefits and thus provides a sufficient basis for removal.")(internal citations omitted). Such preemption is sufficiently thorough that an action seeking benefits under an ERISA plan is subject to removal even if it purports to assert only state law claims. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) ("[T]his suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, arises under the laws of the United States . . . and is removable to federal court by the defendants.")(internal citations omitted); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004). [1]

16.     The District Courts of the United States have concurrent original jurisdiction over actions brought to recover benefits under employee welfare benefit plans.  29 U.S.C. § 1132(e); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).  Removal of such cases to federal court is therefore proper.  *See generally*, *e.g.*, *Taylor*, 481 U.S. 58.

---

[1] Cigna Health notes that in *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 150 (2d Cir. 2017), the Second Circuit found that in certain circumstances a promissory estoppel claim was not preempted by ERISA.  However, that case involved "a single cause of action: promissory estoppel."  *Id.*, at 144. As noted, plaintiff asserted multiple claims here. Moreover, unlike in *McCulloch*, in this matter the promissory estoppel claim is based on a HCFA 1500 Claim Form, Compl. ¶¶ 15-16, meaning that rather than an oral promise between the parties (as in *McCulloch*), Plaintiff's claim is based on a **written** claim demanding to be paid from the funds of the Plan.  This case is therefore distinguishable from *McCulloch*, and in the circumstances of this case, the promissory estoppel claim is preempted by ERISA.

## DIVERSITY JURISDICTION

17.     This action is also a civil action over which this court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

18.     Although the Complaint is purportedly brought against CLICNY, the Claims Administrator is this case is actually Cigna Health. The Complaint alleges Plaintiff is a health service provider licensed to practice in the State of New York.  Plaintiff is a New York corporation with its principle place of business in New York.  The New York Department of State's Entity Search is available at https://www.dos.ny.gov/corps/bus_entity_search.html.  A true and correct copy of these Business Record Details for Plaintiff is attached hereto as **Exhibit B**.  *See* 28 U.S.C. § 1332(c).

19.     Pursuant to Local rule 81.1, Cigna Health states that it is a Connecticut corporation with its principal place of business in Connecticut.

20.     The Complaint alleges damages in the amount of $106,755, thus satisfying the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a).

## SUPPLEMENTAL JURISDICTION

21.     Where, and to the extent that, Plaintiff asserts federal and state claims that the Court may not find to be completely preempted by ERISA, these claims are removable under the supplemental jurisdiction provisions of federal law. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the … Constitution." 28 U.S.C. § 1367(a).

22.    "If a civil action includes … a claim arising under the Constitution, laws, or treaties of the United States … and … a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the [latter class of claims]. 28 U.S.C. § 1441(c)(1).

23.    Accordingly, even were the Court to determine that ERISA neither gave rise to, nor preempted completely, any of the claims in the Complaint, this matter is properly removable in its entirety to the District Court.

24.    In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and will promptly be filed with the Clerk for Nassau County.

WHEREFORE, Cigna Health further gives notice that the above-entitled action, now pending against it in the Supreme Court of the State of New York, County of Nassau, has been removed therefrom to this Court pursuant to 28 U.S.C. § 1441.

Dated: October 12, 2020                    Respectfully submitted,


By:     /s/ Patrick W. Begos_____
        Patrick W. Begos
        ROBINSON & COLE LLP
        1055 Washington Boulevard
        Stamford, CT 06901
        Tel. No.:  (203) 462-7500
        Fax No.:  (203) 462-7599
        E-mail:   pbegos@rc.com

        *Counsel for Defendant Cigna Health and Life Insurance Company*